IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DRALON DURAN PATTERSON, #19005762, PETITIONER, | § § § § | |
| v. | § § | CIVIL CASE NO. 3:21-CV-1810-M-BK |
| MARIAN BROWN, DALLAS COUNTY SHERIF,[1] RESPONDENT. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, Petitioner Dralon Duran Patterson's *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition where appropriate. As detailed herein, the petition should be summarily **DISMISSED WITHOUT PREJUDICE**.

**I.   BACKGROUND**

Patterson, a state pretrial detainee in the Dallas County Jail, challenges the criminal charges pending against him. Doc. 3 at 1-2. He is awaiting trial on grand jury indictments charging him with one count of aggravated robbery and three counts of aggravated sexual

---

[1] The court substitutes Marian Brown, Dallas County Sheriff, as the Respondent in this action. "The federal habeas statute straightforwardly provides that the proper respondent to a habeas petition is 'the person who has custody over [the petitioner].'" *Rumsfeld v. Padilla*, 542 U.S. 426, 434 (2004) (quoting 28 U.S.C. § 2242). However, Petitioner may object to this substitution within 14 days after being served with a copy of this findings, conclusion, and recommendation. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

assault. *State v. Patterson*, Nos. F19-75183-PL, F19-75218-PL, F19-25779-QL, F19-40572-PL (Crim. Dist. Court No. 5, Dallas Cnty.).[2] Patterson complains of speedy trial, excessive bail, and due process of law violations, as well as lengthy pretrial incarceration and failure to reduce his bond. Doc. 3 at 6-7. He requests that the trial court be directed to bring him to trial. Doc. 3 at 7.

Upon review, the Court finds that Patterson has failed to exhaust available state court remedies. Therefore, his petition should be dismissed.

**II.   ANALYSIS**

A habeas corpus petition under 28 U.S.C. § 2241 is subject to summary dismissal if it appears from the face of the petition that the petitioner is not entitled to relief. *See Wottlin v. Fleming*, 136 F.3d 1032, 1034 (5th Cir. 1998) (affirming summary dismissal of § 2241 petition without ordering an answer from respondent); *see also* Rule 4 of the RULES GOVERNING SECTION 2254 CASES (providing for summary dismissal of a habeas petition).[3]

Pretrial habeas relief is available under 28 U.S.C. § 2241(c) to a person "'in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against [him].'" *Hartfield v. Osborne*, 808 F.3d 1066, 1071 (5th Cir. 2015) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987)). A pretrial detainee, however, must fully exhaust available state remedies before seeking federal habeas relief. *Montano v. Texas*, 867 F.3d 540, 542–43 (5th Cir. 2017) (citing *Dickerson*, 816 F.2d at 225). This entails submitting the factual and legal basis of any claim to the Texas Court of Criminal

---

[2] The trial court docket sheets are available at https://www.dallascounty.org/services/public-access.php (last accessed Aug. 5, 2021).

[3] Rule 1(b) of the RULES GOVERNING SECTION 2254 CASES renders the 2254 Rules applicable to habeas petitions not covered by Section 2254.

Appeals.  *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Curtis v. Garza Cty. Jail*, No. 5:18-CV-205-M-BQ, 2019 WL 5698802, at *2 (N.D. Tex. Oct. 8, 2019), *adopting R. & R.*, 2019 WL 5697895 (N.D. Tex. Nov. 4, 2019).  Exceptions exist only "where the available . . . remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Montano*, 867 F.3d 542-43 (internal quotations and quoted case omitted).

In the pre-conviction context, a detainee confined after a felony indictment may file an application for writ of habeas corpus pursuant to Article 11.08 of the Texas Code of Criminal Procedure with the judge of the court in which he is indicted.  *See* TEX. CODE CRIM. PROC. ANN. ART. 11.08.  If the trial court denies habeas relief under Article 11.08, the applicant can take a direct appeal to an intermediate appellate court and then petition for discretionary review by the Texas Court of Criminal Appeals.  *See, e.g., Ex parte Twyman*, 716 S.W.2d 951, 952 (Tex. Crim. App. 1986) (citing *Ex parte Payne*, 618 S.W.2d 380, 382 n. 5 (Tex. Crim. App. 1981) (citations omitted)); *Curtis*, 2019 WL 5698802, at *2.

Patterson has not satisfied the exhaustion requirement.  A review of his petition confirms that he did not file a state habeas application pursuant to Article 11.08 in the trial court raising his claims.  *Compare* Doc. 3 at 2-3, 9 (acknowledging no exhaustion and verifying only the filing of motions with the trial court without success), *with* Doc. 3 at 5 (vaguely referencing art. 11.08 application but stating filing date, result, and date of result are "not applicable").  Further, a search of online records reflects that no Article 11.08 state habeas application or appeal was ever filed.[4]  Moreover, in May and June 2021, Patterson unsuccessfully sought writs of

---

[4] The trial court, Fifth District Court of Appeals, and Court of Criminal Appeals docket sheets are available at https://obpublicaccess.dallascounty.org/PublicAccessEP1/CriminalCourts/,

mandamus and writs of prohibition in both the Fifth District Court of Appeals and the Texas Supreme Court. Doc. 3 at 9 (confirming filing of writs of mandamus and prohibition); *see also In re Patterson*, Nos. 05-21-00372-CV, 05-21-00412-CV, 05-21-00413-CV, 05-21-00414-CV (Tex. App.—Dallas, June 10, 2021) (denying petition for writ of mandamus); *In re Patterson*, No. 21-0525 (Tex. July 30, 2021) (same).[5] Also, in July 2021, Patterson filed eight original writs of habeas corpus in the Fifth District Court of Appeals, which remain pending. *See In re Patterson*, Nos. 05-21-00541-CV, 05-21-00542-CV, 05-21-00543-CV, 05-21-00544-CV, 05-21-00579-CV, 05-21-00580-CV, 05-21-00581-CV, 05-21-00582-CV. As such, the Texas Court of Criminal Appeals has not had an opportunity to consider Patterson's claims and, consequently, they remain unexhausted.

### III.   CONCLUSION

For the foregoing reasons, Patterson's habeas corpus petition should be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

**SO RECOMMENDED** on September 19, 2021.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

---

https://www.txcourts.gov/5thcoa/ and https://www.txcourts.gov/cca/ (last accessed Aug. 6, 2021).

[5] The Texas Supreme Court docket sheet is available at the following link: https://search.txcourts.gov/Case.aspx?cn=21-0525&coa=cossup (last accessed Aug. 6, 2021).

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).